## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **US GHOST ADVENTURES, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:23-cv-12116** |
| | ) | |
| **MISS LIZZIE'S COFFEE LLC,** | ) | |
| | ) | **TRIAL BY JURY DEMANDED** |
| | ) | |
| **and** | ) | |
| | ) | |
| **JOSEPH PEREIRA, individually,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

Plaintiff, US Ghost Adventures, LLC ("Plaintiff"), brings this Complaint against Defendants, Miss Lizzie's Coffee LLC ("Miss Lizzie's") and its owner, Joseph Pereira, in his individual capacity ("Pereira", collectively Miss Lizzie's and Pereira, "Defendants"), for injunctive relief and damages under the laws of the United States and the Commonwealth of Massachusetts.

## NATURE OF ACTION

1.      This is an action for violations of the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a), as well as violations of Massachusetts statutory and common law.

## JURISDICTION AND VENUE

2.      This action arises under the trademark laws of the United States, 15 U.S.C. § 1051, et seq., particularly under 15 U.S.C. §§ 1114 and 1125, as well as Massachusetts statutory and common law. This Court has jurisdiction over the federal claims under 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. §§ 1116, 1121, and 1125. This Court has supplemental jurisdiction over the

state law claims under 28 U.S.C. §§ 1367(a) and 1338(b), those claims being joined with a substantial and related claim under the trademark laws of the United States and are closely related to the federal claims such that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.     This Court has personal jurisdiction over Defendants because "Miss Lizzie's Coffee" is located in Massachusetts and Defendants operate a business that is infringing upon Plaintiff's trademark rights in this judicial district. Further, on information and belief, Defendants have directed tortious acts at Plaintiff in this judicial district and have committed tortious acts that they knew or should have known to cause injury to Plaintiff in this judicial district.

4.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1391(d) because Defendants are domiciled in Massachusetts, operate a business that is infringing on Plaintiff's trademark rights, located in Fall River, Massachusetts, within this judicial district, a substantial part of the events and/or omissions giving rise to the claims occurred in this judicial district, and Defendants are otherwise subject to the Court's personal jurisdiction with respect to this action.

## THE PARTIES

5.     Plaintiff is a Virginia limited liability company with its principal place of business in Williamsburg, Virginia. Plaintiff owns and operates a bed and breakfast on the premises of the Lizzie Borden House and the Lizzie Borden Museum located in Fall River, Massachusetts.

6.     Miss Lizzie's Coffee LLC is a Massachusetts limited liability company with its principal place of business in Fall River, Massachusetts, operating "Miss Lizzie's Coffee" in Fall River, Massachusetts.

7.      Joseph Pereira is the owner and registered agent of Miss Lizzie's Coffee LLC. Upon information and belief, Mr. Pereira is a resident of Fall River, Massachusetts.

8.      On information and belief, at all times relevant hereto, each of the Defendants was acting in concert and in participation with each of the other Defendants in committing the wrongful acts herein alleged and each of the Defendants was the agent of each of the other Defendants, and, in doing the things herein alleged, each of the Defendants was acting within the scope of his, her, or its agency and was subject to and under the supervision of his, her, or its co-defendants.

## FACTUAL ALLEGATIONS

### Plaintiff's Trademark Rights

9.      Plaintiff is a well-known and successful provider of ghost tours across the United States for nearly a decade. Plaintiff offers a wide spectrum of hospitality and touring services centered around paranormal phenomena in locales throughout the United States.

10.      The Lizzie Borden® House is a plot of real property located at 230 Second Street in Fall River, Massachusetts (the "House"). The House is the location of the 1892 unsolved double murder of Lizzie Borden's father and stepmother (the "Mystery").

11.      Plaintiff owns and operates a bed and breakfast-styled commercial attraction at the House, including ghost tours, museums, and hospitality services, which is the result of Plaintiff's research, collection, interpretation and exhibition of the heritage and history relating to the Mystery (the "Services").

12.      Through Plaintiff and/or its predecessors in interest, the House and the Services have been consistently and extensively advertised, promoted, offered and used in connection with the LIZZIE BORDEN name and trademark (the "LIZZIE BORDEN Trademark") as well as images of a hatchet (the "Hatchet Logo") for over a decade, including on its website, located at

3

https://lizzie-borden.com/. The LIZZIE BORDEN Trademark and the Hatchet Logo are collectively referred to as the "Marks."

13.     Plaintiff is the owner of U.S. Trademark Registration Nos. 2,070,882; 2,668,044 3,638,210; 4,317,301 for the LIZZIE BORDEN Trademark covering a variety of goods and services, including restaurant and hotel services, with dates of first use stemming from 1996.  True and correct copies of the official Certificates of Registration are attached as **Exhibit A**.

14.     Plaintiff is the owner of U. S. Trademark Registration Nos. 4401460; 4397554; and 4,397,555 for the Hatchet Logo covering a variety of goods and services, including restaurant and hotel services, with dates of first use stemming from 2013.  True and correct copies of the official Certificates of Registration are attached as **Exhibit B**.

15.     In addition to its registered trademark rights, and as a result of Plaintiff's substantially exclusive and continuous use and promotion of the House and the Services under the Marks, Plaintiff has acquired protectable common law rights in and to the Marks.

16.     Through such continuous and exclusive use, the purchasing public has come to associate the Marks with a single source of hospitality and other services relating to the Mystery. As such, the Marks have accrued significant value and goodwill. See signage displayed outside the premises utilizing the Marks, below:



<u>Defendants' Business and Infringing Acts</u>

17.     In August 2023, Defendants opened "Miss Lizzie's Coffee," located at 242 Second

Street in Fall River, Massachusetts.[1]

18.     The House, and its included bed and breakfast and museum, owned and operated

by Plaintiff, is located directly next door at 230 Second Street.

---

[1]     Miss Lizzie's Coffee LLC was issued a Certificate of Organization by the Commonwealth of Massachusetts dated September 11, 2023. This occurred nearly one month after the opening of "Miss Lizzie's Coffee" and its use of the Infringing Marks and its offering of the Infringing Services began. For each and every infringing act that occurred prior to that date, Plaintiff seeks to recover against Mr. Joseph Pereira individually. A true and correct copy of the Certificate of Organization is attached as **<u>Exhibit C</u>**.

19.    Defendants advertise, market, promote, provide, and otherwise offer restaurant services ("Infringing Services") under the identical and/or nearly identical marks, "MISS LIZZIE'S COFFEE" alongside an image of a hatchet (the "Infringing Marks") on its signage, clearly evoking the paranormal phenomenon around the Mystery:





20.     Defendants advertise and market the Infringing Marks in connection with the Infringing Services on https://misslizziescoffee.com/ as well as social media sites such as Facebook and Instagram.

21.     "Miss Lizzie's Coffee," based on its name, logo/graphics, and proximity to Plaintiff's place of business, deceptively confuses unsuspecting customers by creating a false association that Defendants' services are affiliated with, approved by, and/or licensed from Plaintiff.

22.     As Defendants' business opened on or around August 4, 2023[2], their use of the Infringing Marks in connection with the Infringing Services began nearly over two decades after the original first use of the LIZZIE BORDEN Trademark, and nearly one decade after the first use of the Hatchet Logo. Therefore, Plaintiff plainly enjoys senior-in-time trademark rights that have priority over Defendants' Infringing Marks.

23.     Defendants' use of the Infringing Marks is a willful and intentional attempt to trade on the goodwill and commercial success that Plaintiff has built up in the Marks and their corollary registrations and an attempt to free ride on Plaintiff's success as a preeminent and well-known provider of hospitality services in Fall River, Massachusetts.

24.     Defendants' identical and/or nearly identical use of the Infringing Marks in connection with the Infringing Services has caused actual confusion, and is likely to continue to cause actual confusion and false affiliation before, during, and after the time of purchase because consumers, prospective consumers, and others viewing Defendants' Infringing Services during preliminary research, the point of sale, or any point in the ordinary channels of trade and

---

[2]     The 131st anniversary of the murders having taken place at the Plaintiff's premises.

commerce, are likely to confuse Plaintiff's Marks and registrations with Defendants' Infringing

Marks with respect to source, affiliation, association, and sponsorship.

25.     For instance, given the close proximity of Plaintiff and Defendants' businesses,

consumers who attempt to patronize "Miss Lizzie's Coffee," upon information and belief, inquire

as to the suspected association between the two entities. Guests of Plaintiff's bed and breakfast,

upon information and belief, have inquired as to Plaintiff's suspected association with "Miss

Lizzie's Coffee" as well.

26.     On information and belief, consumers are likely to continue to be confused as to

the source of the respective parties' offerings and the affiliation between Plaintiff and Defendants.

27.     Mr. Joseph Pereira has made public statements indicating that the location of "Miss

Lizzie's Coffee" was chosen specifically due to its immediate proximity to Plaintiff's business.

Mr. Pereira noted his original location was to be in the Fall River train station.

28.     By causing actual confusion, and continuing to cause a likelihood of further

confusion, mistake, and deception, and because Plaintiff has no ability to control the quality of the

services offered by Defendants, Plaintiff is in danger of irreparable harm to the goodwill

symbolized by the Marks, their registrations, and the reputation for quality that they embody.

## COUNT I

## TRADEMARK INFRINGEMENT UNDER SECTION 32(a)(1) OF THE LANHAM ACT
(15 U.S.C. § 1114(1)(a))

29.     Plaintiff repeats, re-alleges, and incorporates all Paragraphs above as though fully

set forth in this cause of action.

30.     As stated above, Plaintiff has valid and protectable registered rights in the LIZZIE

BORDEN Trademark and the Hatchet Logo that pre-dates Defendants' use of the MISS LIZZIE's

COFFEE and its hatchet logo marks in connection with hospitality services.

31.     Without Plaintiff's consent, Defendants have used, continue to use, and are likely to continue to use in commerce the Infringing Marks in connection with hospitality services, which usage is, at a minimum, a colorable imitation of Plaintiff's Marks, and is likely to cause confusion or to cause mistake as to the source, affiliation, or sponsorship of Defendants' services, or to deceive consumers in violation of Section 32(a)(1) of the Lanham Act, 15 USC § 1114(1)(a).

32.     Upon information and belief, Defendants had at least constructive, if not actual knowledge of Plaintiff's ownership and prior use of the Marks. As a direct and proximate result of Defendants' actions alleged above, Plaintiff has been damaged and will continue to be damaged, including harm to its name, reputation, and goodwill.

33.     Defendants' Infringing Marks are nearly identical to the Marks. Defendants' Infringing Services are identical, substantially similar, and/or highly related to the services set forth in Plaintiff's trademark registrations.

34.     Defendants' use in commerce of the Infringing Marks in connection with the Infringing Services is likely to cause confusion or mistake, or to deceive consumers of the Infringing Services and Plaintiff's services to erroneously believe that the Infringing Services originate from the same source as Plaintiff's services, or are otherwise affiliated, connected, or associated with Plaintiff, or sponsored or approved by Plaintiff, when in fact they are not.

35.     On information and belief, Defendants have knowingly, willfully, and intentionally infringed on Plaintiff's trademark rights by deliberately exploiting the substantial goodwill associated with Plaintiff's trademark registrations.

36.     On information and belief, Defendants selected the Infringing marks with the willful intent to cause customer confusion and to deceive customers into believing that Defendants' Infringing Services are actually Plaintiff's services or are associated therewith.

37.     Plaintiff has no adequate remedy at law. Defendants' conduct as alleged herein has caused, and if not enjoined, will continue to cause irreparable harm to Plaintiff's rights in the Marks and its registrations, and to its business reputation and goodwill, as well as damages in an amount that cannot be accurately computed at this time but will be proven at trial.

**COUNT II**

**TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION**
(15 U.S.C. § 1125(a))

38.     Plaintiff repeats, re-alleges, and incorporates all Paragraphs above as though fully set forth in this cause of action.

39.     Plaintiff owns exclusive, common law rights in and to the Marks for use in connection with the Services because the Marks have acquired distinctiveness as indicators of a single source for the Services or anything related thereto, prior to Defendants' use of the Infringing Marks in connection with the Infringing Services.  At all times relevant to this lawsuit, consumers in Plaintiff's industry have associated the Marks with Plaintiff and its reputation for creating its well-known and high-quality services.

40.     Defendants' actions, as set forth above, thus constitute false designation of source and/or origin in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41.     Defendants' use in commerce of the Infringing Marks in connection with the Infringing Services is likely to create —and in fact has created—customer confusion and/or mistake, and serves to deceive customers of Defendants' Infringing Services and Plaintiff's services to erroneously believe that Defendants' Infringing Services originate from the same source as Plaintiff's services, or are otherwise affiliated, connected, or associated with Plaintiff, or sponsored or endorsed by Plaintiff, when in fact they are not.

42.     By reason of and as a direct and proximate result of Defendants' false designation of source and origin, Defendants have caused damage to Plaintiff's business, reputation, and goodwill and/or has diverted business and sales from Plaintiff to Defendants.  Plaintiff is entitled to recover Defendants' profits, damages suffered by Plaintiff and the costs of the action.

43.     Defendants' acts of false designation and source has been committed knowingly, willfully, deliberately, and maliciously with the intent to cause confusion and mistake and to deceive. Accordingly, Plaintiff is entitled to a judgment of three times its damages and Defendants' ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117.

44.     By reason of and as a direct and proximate result of Defendants' unlawful acts and practices, including those set forth above, Defendants have caused, are causing, and unless such acts and practices are enjoined by the Court, will continue to cause, immediate and irreparable harm to Plaintiff, for which there is no adequate remedy at law, and for which Plaintiff is entitled to injunctive relief.

## COUNT III

## TRADEMARK DILUTION
(15 U.S.C. § 1125(c))

45.     Plaintiff repeats, re-alleges, and incorporates all Paragraphs above as though fully set forth in this cause of action.

46.     The Marks are distinctive and famous and became famous long before Defendants commenced using the Infringing Marks.

47.     Defendants' unauthorized use of the Marks is likely to cause dilution by blurring and dilution by tarnishment of the Marks in violation of 15 U.S.C. § 1125(c).

48.     Upon information and belief, the actions of Defendants described above have at all times relevant to this action been willful.

11

49.     By reason of and as a direct and proximate result of Defendants' unlawful acts and practices, including those set forth above, Defendants have caused, are causing, and unless such acts and practices are enjoined by the Court, will continue to cause, immediate and irreparable harm to Plaintiff, for which there is no adequate remedy at law, and for which Plaintiff is entitled to injunctive relief.

## COUNT IV

## TRADEMARK DILUTION UNDER M.G.L. c. 110H, § 13
(M.G.L. c. 110H, § 13)

50.     Plaintiff repeats, re-alleges, and incorporates all Paragraphs above as though fully set forth in this cause of action.

51     Defendants' use, advertise, market, and otherwise offer services under the Infringing Marks in connection with Defendants' business that bears the Infringing Marks, located in Fall River, Massachusetts.

52.     Defendants' unauthorized use of the Infringing Marks constitutes trademark infringement and dilution under M.G.L. c. 110H, § 13 and is likely to cause confusion, deception, and mistake among the consuming public as to the source of, and authorization for, Defendants' Infringing Services sold and/or advertised by Defendants in violation of Massachusetts state law.

53.     Defendants' unauthorized use of the Infringing Marks is likely to cause further injury to Plaintiff's business reputation and dilution of the distinctive quality of the Marks, in violation of M.G.L. c. 110H, § 13.

54.     On information and belief, Defendants' conduct as alleged herein has been undertaken willfully and maliciously, and with full knowledge in conscious disregard of Plaintiff's rights.

55.     By reason of Defendants' acts alleged herein, Plaintiff has suffered monetary damages and loss of control of the goodwill associated with the Marks and to Plaintiff's business reputation and goodwill.

56.     As well as harming the public, Defendants' conduct as alleged herein has caused and will continue to cause Plaintiff irreparable harm for which there is no adequate remedy at law and is also causing damages to Plaintiff in an amount which cannot be accurately computed at this time but will be proven at trial.

57.     This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of trademark infringement joined with a substantial and related claim under the Trademark Laws of the United States and under 28 U.S.C. § 1367.

## COUNT V

## TRADEMARK INFRINGEMENT IN VIOLATION OF MASSACHUSETTS COMMON LAW

58.     Plaintiff repeats, re-alleges, and incorporates all Paragraphs above as though fully set forth in this cause of action.

59.     Defendants' use, advertise, market, and otherwise offer services under the Infringing Marks in connection with Defendants' business that bears the Infringing Marks located in Fall River, Massachusetts.

60.     Defendants' unauthorized use of the Infringing Marks constitutes trademark infringement and is likely to cause, and has caused, confusion, deception, and mistake among the consuming public as to the source of, and authorization for, Defendants' Infringing Services sold and/or advertised by Defendants in violation of the common law of the Commonwealth of Massachusetts.

61.     On information and belief, Defendants' conduct as alleged herein has been undertaken willfully and maliciously, and with full knowledge in conscious disregard of Plaintiff's rights.

62.     As well as harming the public, Defendants' conduct as alleged herein has caused and will continue to cause Plaintiff irreparable harm for which there is no adequate remedy at law and is also causing damage to Plaintiff in an amount which cannot be accurately computed at this time but will be proven at trial.

63.     This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of infringement joined with a substantial and related claim under the Trademark Laws of the United States and under 28 U.S.C. § 1367.

## COUNT VI

## UNFAIR COMPETITION IN VIOLATION OF MASSACHUSETTS COMMON LAW

64.     Plaintiff repeats, re-alleges, and incorporates all Paragraphs above as though fully set forth in this cause of action.

65.     Defendants' use, advertise, market, and otherwise offer services under the Infringing Marks in connection with Defendants' business that bears the Infringing Marks, located in Fall River, Massachusetts.

66.     By virtue of Defendants' conduct as alleged herein, Defendants have engaged and is engaging in unfair competition under the common law of the Commonwealth of Massachusetts.

67.     Defendants' use in commerce of the Infringing Marks has caused or is likely to cause confusion, mistake, and to deceive the relevant public by suggesting that Defendants' Infringing Services are authorized, sponsored, approved by, or are affiliated with Plaintiff.

14

68.     On information and belief, Defendants' conduct as alleged herein has been undertaken willfully and maliciously, and with full knowledge of Plaintiff's rights.

69.     Defendants' use of the Infringing Marks has caused or is likely to cause confusion, mistake, and deception among the general public as to the source of Defendants' Infringing Services. Hence, Defendants have unfairly profited from the actions alleged herein.

70.     By reason of Defendants' acts alleged herein, Plaintiff has suffered monetary damages and loss of control of the goodwill associated with the Marks.

71.     As well as harming the public, Defendants' conduct as alleged herein has caused and will continue to cause irreparable harm to Plaintiff for which there is no adequate remedy at law and is also causing damage to Plaintiff for which there is no adequate remedy at law and is also causing damage to Plaintiff in an amount that cannot be accurately computed at this time but will be proven at trial.

72.     This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of infringement joined with a substantial and related claim under the Trademark Laws of the United States and under 28 U.S.C. § 1367.

## COUNT VII

### UNFAIR TRADE PRACTICES UNDER M.G.L. c. 93A
(M.G.L. c. 93A)

73.     Plaintiff repeats, re-alleges, and incorporates all Paragraphs above as though fully set forth in this cause of action.

74.     Defendants' acts complained of herein were committed primarily and substantially in the Commonwealth of Massachusetts.

75.     Defendants' aforementioned conduct constitutes an unfair method of competition and an unfair and deceptive act or practice in the conduct of trade or commerce, all in violation of M.G.L. c. 93A, §§ 2, 11.

76.     Upon information and belief, the aforementioned violations of G.L. c. 93A were willful and knowing.

77.     As well as harming the public, Defendants' conduct as alleged herein has caused and will continue to cause Plaintiff irreparable harm for which there is no adequate remedy at law and is also causing damage to Plaintiff in an amount which cannot be accurately computed at this time but will be proven at trial.

78.     This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of infringement joined with a substantial and related claim under the Trademark Laws of the United States and under 28 U.S.C. § 1367.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment in its favor against Defendants as follows:

A.     That the Court enter a finding that use by Defendants of the Infringing Marks infringes upon Plaintiff's rights in the Marks and their registrations.

B.     That the Court enter a preliminary injunction and a permanent injunction prohibiting Defendants, as well as their officers, directors, predecessors, successors, agents, employees, representatives, and all persons, corporations, or other entities acting in concert or participation with Defendants from:

i.      Using the Infringing Marks in connection with any of Defendants' Infringing Services and Plaintiff's services, and goods and services related hereto, in Massachusetts and throughout the United States;

ii.     Infringing any of Plaintiff's intellectual property rights in its Marks;

iii.    Infringing any of Plaintiff's intellectual property rights in the trademark registrations;

iv.     Engaging in any conduct that tends falsely to represent, or is likely to confuse, mislead, or deceive members of the public to believe, that the actions of Defendants or any of their officers, directors, predecessors, successors, agents, employees, representatives, and all persons, corporations, or other entities acting in concert or participation with Defendants are sponsored, approved, or licensed by Plaintiff, or are in any way connected or affiliated with Plaintiff;

v.      Affixing, applying, annexing, or using in connection with the manufacture, distribution, advertising, sale, and/or offering for sale or other use of any goods or services, a false description of representation, including works or other symbols, tending to falsely describe or represent such goods or services as being those of Plaintiff, including without limitation, the Marks and their corollary registrations;

vi.     Otherwise unfairly competing with Plaintiff in any manner; and

vii.    Effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (i)-(vi) above.

C.      That the Court enter a finding that Defendants' actions were willful, deliberate, and malicious;

D.      That the Court enter an order requiring Defendants to issue a formal public retraction and engage in corrective advertising to rectify their improper use of the Marks.

E.      That Defendants be required to serve on Plaintiff within thirty (30) days after the issuance of any injunction, a written report under oath setting forth in detail the manner and form in which Defendants have complied with this injunction.

F.      That the Court award Plaintiff damages in accordance with applicable law, including without limitation three times the amount of any and all profits realized by Defendants from the use of the Infringing Marks in accordance with 15 U.S.C. § 1117(a);

G.      That the Court award punitive damages in an amount sufficient to punish and deter Defendants;

H.      That the Court find that this is an exceptional case and award Plaintiff its reasonable attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117(a) and/or Massachusetts law;

I.      That the Court award Plaintiff pre-judgment and post-judgment interest on any damage award;

J.      That the Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith, and for the punishment of any violations thereof; and

K.      For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: September 18, 2023                                    Respectfully Submitted,

                                                           /s/ Michael Mullins_____

Michael P. Mullins  (BBO #665123)
Carrie Webb Olson  (BBO #677496)
**DAY PITNEY LLP**
One Federal Street
Boston, MA 02110
Tel: (617) 345-4776
mmullins@daypitney.com
colson@daypitney.com


Timothy Bechen (*Pro Hac Vice motion forthcoming)*
Pietro F. Sanitate (*Pro Hac Vice motion forthcoming)*
**Woods Rogers Vandeventer Black PLC**
901 East Byrd Street, Suite 1550
Richmond, VA 23219
timothy.bechen@wrvblaw.com
pietro.sanitate@wrvblaw.com