# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| US GHOST ADVENTURES, LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MISS LIZZIE'S COFFEE LLC and<br>JOSEPH PEREIRA,<br><br>　　　　Defendants. | C.A. NO. 1:23-CV-12116MJJ |

## **DEFENDANTS' ANSWER AND DEFENSES TO COMPLAINT**

Defendants Miss Lizzie's Coffee LLC and Joseph Pereira, ("Defendants" or "Miss Lizzie's"), by and through its undersigned counsel, answer the Complaint and present their affirmative defenses as follows:

## NATURE OF ACTION

1.　The allegations contained in Paragraph 1 are Plaintiff's characterization of this action and summary of the relief it seeks and purported legal basis for same, to which no response is required. To the extent a response is deemed required, Defendants deny Plaintiff is entitled to the relief requested from Defendants and deny the remaining allegations contained in Paragraph 1.

## JURISDICTION AND VENUE

2.　Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2, and therefore deny the same.

3.　Defendants deny that they operate a business that is infringing upon Plaintiff's or any other party's trademark rights, or that they have directed any tortious acts at Plaintiff or any

1

other party, entity, or person. Further answering, Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 3, and therefore deny the same.

4. Defendants admit that Miss Lizzie's Coffee LLC operates a business in Fall River, Massachusetts, and that Defendants are domiciled in the Commonwealth, but deny that they operate a business that is infringing upon Plaintiff's or any other party's trademark rights, in this District or elsewhere. Further answering, Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 4, and therefore deny the same.

## THE PARTIES

5. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 5, and therefore deny the same.

6. Admitted.

7. Admitted that Defendant Pereira is a member of Miss Lizzie's Coffee LLC, and its registered agent, and that he is a resident of Fall River, Massachusetts.

8. Denied.

## FACTUAL ALLEGATIONS

9. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 9, and therefore deny the same.

10. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 10 that the "Lizzie Borden House" is a registered trademark, and therefore deny the same, but otherwise admit the allegations contained in Paragraph

10.

11.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 11 concerning Plaintiff's purported ownership and operation of the bed and breakfast cited, or whether Plaintiff has done any original or other "research, collection, [or] interpretation" of the relevant heritage and history relating to the events surrounding Eliza Borden, or otherwise, and therefore deny the same. Defendants deny that Plaintiff is either the record owner of the real property at 230 Second Street, Fall River, Massachusetts, as land records show the record owner to be "Lizzie Borden LLC, a Virginia limited liability company," or, according to the documents attached to the Complaint, the owner of the trademark rights Plaintiff purports this case to concern.

12.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 12, and therefore deny the same.

13.     Denied. According to the Certificates of Registration attached to the Complaint as Exhibit A, Plaintiff is not the owner of the Trademark Registration cited and Plaintiff has provided no other proof or evidence that it does own such Registrations. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 13, and therefore deny the same.

14.     Denied. According to the Certificates of Registration attached to the Complaint as Exhibit B, Plaintiff is not the owner of the Trademark Registrations cited and Plaintiff has provided no other proof or evidence that it does own such Registrations. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 14, and therefore deny the same.

15. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 15, and therefore deny the same.

16. Denied.

17. Admitted that Miss Lizzie's Coffee was opened in August 2023 at the address noted. Denied that Plaintiff has any legally recognized claims against Defendant Pereira, individually.

18. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 18, that the House is owned and operated by Plaintiff, and therefore deny the same.

19. Denied that Defendants offer "restaurant services," or that the marks used are identical or nearly identical. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 19, and therefore deny the same.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

## COUNT I

### Trademark Infringement Under Section 32(a)(1) of the Lanham Act
(15 U.S.C. § 1114(1)(a))

29.     Defendants repeat their responses to Paragraphs 1 through 28 of the Complaint as if the same were fully set forth herein.

30.     Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 30, and therefore deny the same.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

## COUNT II

### Trademark Infringement, False Designation of Origin, and Unfair Competition
(15 U.S.C. § 1125(a))

38.     Defendants repeat their responses to Paragraphs 1 through 37 of the Complaint as if the same were fully set forth herein.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43. Denied.

44. Denied.

## COUNT III

### Trademark Dilution
(15 U.S.C. § 1125(a))

45. Defendants repeat their responses to Paragraphs 1 through 44 of the Complaint as if the same were fully set forth herein.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

## COUNT IV

### Trademark Dilution Under M.G.L. c. 110H, § 13
(M.G.L. c. 110H, § 13)

50. Defendants repeat their responses to Paragraphs 1 through 49 of the Complaint as if the same were fully set forth herein.

51. Denied that the marks used by Defendants are "infringing" as alleged. Admitted that Defendant Miss Lizzie's Coffee LLC operates its business in Fall River, Massachusetts.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 57, and therefore deny the same.

## COUNT V

### Trademark Infringement in Violation of Massachusetts Common Law

58.   Defendants repeat their responses to Paragraphs 1 through 57 of the Complaint as if the same were fully set forth herein.

59.   Denied that the marks used by Defendants are "infringing" as alleged. Admitted that Defendant Miss Lizzie's Coffee LLC operates its business in Fall River, Massachusetts.

60.   Denied.

61.   Denied.

62.   Denied.

63.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 63, and therefore deny the same.

## COUNT VI

### Unfair Competition in Violation of Massachusetts Common Law

64.   Defendants repeat their responses to Paragraphs 1 through 63 of the Complaint as if the same were fully set forth herein.

65.   Denied that the marks used by Defendants are "infringing" as alleged. Admitted that Defendant Miss Lizzie's Coffee LLC operates its business in Fall River, Massachusetts.

66.   Denied.

67.   Denied.

68. Denied that the marks used by Defendants are "infringing" as alleged. Admitted that Defendant Miss Lizzie's Coffee LLC operates its business in Fall River, Massachusetts.

69. Denied.

70. Denied.

71. Denied.

72. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 72, and therefore deny the same.

## COUNT VII

### Unfair Trade Practices Under M.G.L. c. 93A
(M.G.L. c. 93A)

73. Defendants repeat their responses to Paragraphs 1 through 72 of the Complaint as if the same were fully set forth herein.

74. Admitted, but denied that the central locus of the alleged dispute is located within the Commonwealth.

75. Denied.

76. Denied.

77. Denied.

78. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 78, and therefore deny the same.

The paragraphs following Paragraph 78 are a prayer for relief as to which no response is required from Defendants. Insofar as a response is required, Defendants deny the allegations and requests for relief.

**AFFIRMATIVE DEFENSES**

Defendants Joseph Pereira and Miss Lizzie's Coffee LLC state the following affirmative defenses:

1. The Complaint fails to state a claim upon which relief can be granted against Defendants.

2. Defendant Pereira neither owns nor operates the business described in the Complaint, and Plaintiff therefore fails to state a cause of action upon which relief can be granted against Defendant Pereira.

3. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, unclean hands, and/or waiver.

4. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or statutes of repose.

5. Plaintiff's claims are barred by the doctrine of descriptive fair use.

6. Plaintiff's claims are barred because, upon information and belief, it is not the owner of the marks in question, the real property at which the Plaintiff's alleged business is operated, or the business itself.

7. Plaintiff's claims are barred because the services and goods Defendants provide are completely unrelated to those provided by Plaintiff or allegedly protected by the Trademark registrations identified in the Complaint.

8. Plaintiff's claims are barred because the marks allegedly used by Defendants are insufficiently similar to those allegedly owned by Plaintiff as to sound, meaning, appearance, character, or nature.

9. Plaintiff's claims are barred because there is no likelihood of confusion as a result of the alleged use by Defendants of the marks described in the Complaint.

10. Plaintiff's claims are barred because Defendant Miss Lizzie's Coffee LLC notes prominently at its place of business that it has no affiliation with the business allegedly owned by Plaintiff next door.

11. Plaintiff's claims are barred because the marketing and advertising channels used by Defendants are not similar to those allegedly used by Plaintiff.

12. Plaintiff's claims are barred because Defendants' intent in using the marks alleged was solely to refer to and evoke historically-significant persons and events to the Fall River community in which it is based, with no reference to the business allegedly owned and operated by Plaintiff.

13. Plaintiff's claims are barred because the marks allegedly used by Defendants refer to and evoke only historically-significant events and figures, as to which Plaintiff can hold no valid and legally protectable trademark rights to the exclusion of the general public.

14. Plaintiff's claims are barred because there is no likelihood of confusion and no evidence of actual confusion.

15. Plaintiff's claims are barred because the central locus of the dispute alleged lies outside of the Commonwealth of Massachusetts.

16. Plaintiff's claims are barred because it cannot establish any pecuniary or other harm sufficient to state a cause of action under Mass. Gen. L. c. 93A, or the other statutes or common law grounds alleged.

17. Plaintiff's claims are barred because there is no intent to deceive, nor tendency to

deceive, and no unfair conduct either alleged or that can be demonstrated.

18. Plaintiff's claims are barred because the marks alleged are not famous or distinct, and dilution can thus not be proven or established.

19. Plaintiff's claims are barred because Defendants' use of the marks alleged is protected by the First Amendment to the United States Constitution, and to applicable provisions in the Massachusetts Constitution.

20. Plaintiff's claims are barred because the marks it alleges to be protected by the Registrations attached to the Complaint are not the same or similar to those Plaintiff is actually using in allegedly operating its business.

21. Plaintiff's claims are barred because Defendants goods and services are of the highest quality, and there can thus be no "tarnishment" sufficient to demonstrate dilution.

22. Plaintiff's demand for injunctive relief is barred, because it cannot show a likelihood of success on the merits, that it will suffer irreparable harm, that the balances of harms favors it, that it has no remedy at law, or that public policy or interest requires such relief.

23. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff's alleged damages are barred by reason of its failure to mitigate damages.

24. Plaintiff's claims are barred, in whole or in part, because Plaintiff has not incurred, and will not incur, any damages or harm.

25. Defendants reserve the right to add to these affirmative defenses as discovery progresses in this case.

WHEREFORE, Defendants Joseph Pereira and Miss Lizzie's Coffee LLC hereby demand the following relief:

A. This Court dismiss Plaintiff's Complaint with prejudice.

B. This Court declare that Plaintiff is not entitled to the relief sought in its Complaint.

C. This Court enter judgment in Defendants' favor and against Plaintiff.

D. That the Court award costs and attorney's fees to Defendants to the extent awardable.

E. This Court enter such other orders and enter such further relief as it deems just and proper.

## JURY TRIAL CLAIM

Defendants demand a trial by jury on all claims so triable.

                                         Respectfully submitted,

                                         DEFENDANTS MISS LIZZIE'S COFFEE, LLC
                                         and JOSEPH PEREIRA,
                                         By their attorneys,

Dated: October 10, 2023         /s/ Matthew J. Ginsburg
                                         Matthew J. Ginsburg, Esq. (BBO#641089)
                                         ASCENDANT LAW GROUP LLC
                                         2 Dundee Park Drive, Suite 102
                                         Andover, MA 01810
                                         Tel.: (978) 409-6238
                                         mg@ascendantlawgroup.com

                                         /s/ Daniel J. Larson
                                         Daniel J. Larson (BBO#699014)
                                         Larson Law PLLC
                                         265 Franklin Street #1720
                                         Boston, MA 02110
                                         Tel.: 617-932-6169
                                         dan@dlarsonlaw.com

## **CERTIFICATE OF SERVICE**

    I, Matthew J. Ginsburg, hereby certify that on this 10th day of October, 2023, a true copy of the foregoing document was served through the Court's electronic filing and service system and by e-mail upon all counsel of record herein.

                                                /s/ Matthew J. Ginsburg
                                                Matthew J. Ginsburg