UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| US GHOST ADVENTURES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MISS LIZZIE'S COFFEE LLC and<br>JOSEPH PEREIRA,<br><br>Defendants. | Civil No. 23-12116-LTS |

ORDER ON MOTION FOR DEFAULT JUDGMENT (DOC. NO. 91)

October 24, 2025

SOROKIN, J.

Before the Court is plaintiff US Ghost Adventures, LLC's motion for default judgment against defendant Miss Lizzie's Coffee LLC ("the LLC defendant"). Doc. No. 91.[1] To avoid the risk of inconsistent judgments, the motion is DENIED WITHOUT PREJUDICE.

In August 2023, Joseph Pereira opened a coffee shop, Miss Lizzie's Coffee, next door to the Lizzie Borden House, the site of a museum and bed-and-breakfast operated by US Ghost. Doc. No. 1 ¶¶ 5, 17–18. Shortly thereafter, a certificate of organization for Miss Lizzie's Coffee LLC was filed with the Commonwealth of Massachusetts, listing Pereira as the LLC's sole agent and manager.[2] Doc. No. 1-3. In September 2023, US Ghost filed suit against Pereira and the

---

[1] Citations to "Doc. No. __" refer to documents appearing on the court's electronic docketing system ("ECF"); pincites are to the page numbers in the ECF header or to the paragraph numbers used by the document in question.

[2] At a status conference on September 8, 2025, Pereira represented that he (not the LLC defendant) owns and operates the coffee shop. While the question of ownership is not now before the Court, the possibility that the LLC defendant does not own the coffee shop further

LLC defendant, alleging trademark infringement, unfair competition, false designation of origin, and trademark dilution.  Doc. No. 1.  All of US Ghost's claims against Pereira and the LLC defendant allege joint liability.[3]  Id. ¶¶ 29–78.

US Ghost sought a preliminary injunction barring the defendants from using certain allegedly infringing marks.  Doc. No. 11.  After full briefing and a contested hearing, the Court denied the preliminary injunction motion because US Ghost had not established a likelihood of success on the merits.  Doc. No. 24.  US Ghost appealed, and the First Circuit affirmed.  See US Ghost Adventures, LLC v. Miss Lizzie's Coffee LLC, 121 F.4th 339 (1st Cir. 2024).

While the case was on appeal, defense counsel repeatedly sought, and eventually were permitted, to withdraw from their representation.  Doc. Nos. 37, 38, 44, 52, 53, 58.  The attorneys' withdrawal left the LLC defendant without representation for more than six months.  See Doc. Nos. 58, 84.  Despite the Court's repeated admonishments that a business entity cannot represent itself and that failure to retain counsel would lead to default, the LLC defendant never retained new counsel.  Doc. Nos. 51, 54, 58, 67, 72.  Accordingly, on September 8, 2025, the Clerk entered default against the LLC defendant.  Doc. No. 85.  US Ghost's suit continues against Pereira, who now represents himself.

Now, US Ghost moves for default judgment against the LLC defendant, seeking (1) a finding of liability for trademark infringement and unfair competition,[4] (2) a permanent

---

supports the Court's decision to defer judgment as to the LLC defendant until the claims against Pereira are resolved.

[3] To the extent that any allegedly infringing acts pre-date the LLC's creation, US Ghost seeks to recover against Pereira individually.  Doc. No. 1 ¶ 17 n.1.  US Ghost asserts no claims solely against the LLC defendant.

[4] Without explanation, US Ghost's memorandum and proposed order do not propose a finding of liability on its trademark dilution or Chapter 93A claims (Counts III, IV, and VII).  Doc. Nos. 92, 93; see also Doc. No. 1 ¶¶ 45–57, 73–78.

injunction, and (3) damages in the amount of $96,000.  Doc. No. 91; Doc. No. 92 at 14–15.  US Ghost proposes to permanently enjoin the LLC defendant and its officers and agents (i.e., Pereira) from all use of the contested marks.  Doc. No. 92 at 14–15.

When a complaint alleges joint liability among multiple defendants, there is a risk that any default judgment entered prior to resolution on the merits will be inconsistent with the final judgment as to the nondefaulting defendants.  The Supreme Court has cautioned that such inconsistent judgments "would be unseemly and absurd, as well as unauthorized by law."  Frow v. De La Vega, 82 U.S. (15 Wall.) 552, 554 (1872); see also 10A Wright & Miller's Federal Practice & Procedure § 2690 (4th ed. 2025).  Where, as here, multiple defendants' liability must be determined consistently, Frow teaches that "judgment should not be entered against [a defaulting] defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted."  Wright & Miller § 2690 (explaining that the "Frow principle is designed to apply only when it is necessary that the relief against the defendants be consistent"); see also Steffenberg v. Gilman, No. 04-cv-40113-FDS, 2005 WL 8176506, at *5–6 (D. Mass. Sept. 13, 2005) (discussing the Frow principle but declining to apply it because "differing judgments may be easily reconciled in this case").  Ultimately, if a plaintiff prevails against the nondefaulting defendants, plaintiff is entitled to judgment against all jointly liable defendants—but if plaintiff's claims are dismissed as to the nondefaulting defendants, they should be dismissed as to the defaulting defendants, too.  Wright & Miller § 2690.

This case presents a unique risk of inconsistent judgments.  Differing judgments as to Pereira and the LLC defendant cannot be reconciled; on each of US Ghost's claims, the defendants' liability rise and fall together.  Moreover, the Court has already determined, on a preliminary basis, that US Ghost is unlikely to succeed on the merits of the claims it continues to

pursue against Pereira.  Doc. No. 24.  There is an obvious risk that the Court's entry of default judgment against the LLC defendant will conflict with the merits resolution of the claims against Pereira—a logically untenable result.  To avoid the risk of such a result, the Court will deny US Ghost's motion without prejudice, and judgment will not enter until the case has been resolved against Pereira.  See, e.g., Wade v. United States, No. 11-cv-10051-FDS, 2012 WL 5196873, at *1 (D. Mass. Oct. 18, 2012).

For the foregoing reasons, US Ghost's Motion for Default Judgment (Doc. No. 91) is DENIED WITHOUT PREJUDICE.  US Ghost may renew its motion, or file a new one, once its claims against Pereira are resolved.

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge