UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| US GHOST ADVENTURES, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MISS LIZZIE'S COFFEE LLC, )<br>)<br>)<br>and )<br>)<br>JOSEPH PEREIRA, individually, )<br>)<br>Defendants. )<br>) | Civil Action No. **1:23-cv-12116** |

### PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) and 55(a), Plaintiff, US Ghost Adventures, LLC ("Plaintiff" or "US Ghost"), by and through its undersigned counsel, respectfully requests entry of default against Defendant Joseph Pereira ("Defendant" or "Pereira") for failure to comply with this Court's October 21, 2025, order compelling responses to US Ghost's discovery requests. In support of this Motion, Plaintiff states as follows:

US Ghost served Pereira with its First Interrogatories and Requests for Production of Documents on January 31, 2025 (Dkt. 64, Exhibit A). Pursuant to Federal Rules of Civil Procedure 33 and 34, Pereira's responses were due on March 3, 2025. Pereira never responded to the discovery requests either to object, or substantively.

On June 17, 2025, US Ghost filed and served a Motion to Compel full and complete responses to its First Interrogatories and Requests for Production of Documents (Dkt. 64). On September 8, 2025, Judge Leo T. Sorokin allowed US Ghost's Motion to Compel "to the extent

1

that Mr. Pereira shall respond to the document requests and interrogatories promptly after the status conference before Judge Boal, to the extent directed by Judge Boal." (Dkt. 84).

The parties appeared for a status conference before the Honorable Judge Boal on October 15, 2205 (Dkt 94). On October 21, 2025, Judge Boal entered an order (the "Order") requiring US Ghost to redraft its discovery requests consistent with her rulings ("Revised Discovery") (Dkt. 95). US Ghost was to provide copies of the Revised Discovery to Pereira "within one week" of the date of the Order. Pereira's responses to the Revised Discovery were due within thirty days of receipt. Id. ("Any discovery responses compelled by this order must be produced within thirty days").

US Ghost fully complied with the Order and served its Revised Discovery on Pereira by email and first-class mail on October 28, 2025. See Exhibit A. Pereira was required to provide full and complete responses to the Revised Discovery by November 27, 2025. Pereira, however, failed to serve his responses by the Court-ordered deadline. Pereira has neither responded to the Revised Discovery nor sought relief from the Order as of the date of this Motion.

Federal Rule of Civil Procedure 37(b)(2) authorizes sanctions when a party "fails to obey an order to provide or permit discovery." Here, the Order was clear and specific as to the timing of Pereira's deadline to respond to US Ghost's Revised Discovery. Pereira's willful failure to comply with this Court's discovery order justifies the entry of default. Lesser sanctions would be ineffective under the circumstances, as Pereira has ignored his discovery obligations throughout the entirety of this litigation.

For the foregoing reasons, US Ghost respectfully requests that the Court enter default against Pereira pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(vi) or alternatively, Federal Rule of Civil Procedure 55(a).

Dated: December 23, 2025

Respectfully Submitted,

Plaintiff
US GHOST ADVENTURES LLC

By its attorneys,

/s/ *Mikaela R. DeCortin*
Mikaela Rice DeCortin (BBO No. 707651)
Strang, Scott & Giroux LLP
6 Beacon Street, Suite 815
Boston, MA 02108
857-233-5534
mdecortin@strangscott.com

Timothy Bechen (VSB No. 83639)
Woods Rogers, PLC
901 East Byrd Street, Suite 1550
Richmond, Virginia 23219
Telephone: (804) 343-5032
Email: timothy.bechen@woodsrogers.com

Pietro F. Sanitate (VSB No. 89538)
Woods Rogers, PLC
Riverfront Plaza, West Tower
901 East Byrd Street, Suite 1550
Richmond, VA  23219
Phone: (804) 434-5029
E-mail:pietro.sanitate@woodsrogers.com
*Counsel for Plaintiffs*

## RULE 7.1 CERTIFICATION

Counsel for Plaintiff conferred with Defendant Joseph Pereira on December 8, 2025, regarding his overdue discovery responses.

/s/ *Mikaela R. DeCortin*
Mikaela R. DeCortin

## **CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those parties which are non-registered participants.

Date: December 23, 20225 /s/ *Mikaela R. DeCortin*
Mikaela R. DeCortin