# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

US GHOST ADVENTURES, LLC,

Plaintiff,

v.

MISS LIZZIE'S COFFEE LLC,
and
JOSEPH PEREIRA, individually,

Defendants.

Civil Action No. 1:23-cv-12116

## DEFENDANT'S MOTION TO VACATE ENTRY OF DEFAULT

Defendant Joseph Pereira, pro se, respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 55(c), to vacate the Clerk's entry of default entered against him.

On February 11, 2026, the Court entered default against the defendant after finding that he failed to adequately respond to discovery and comply with prior Court orders.

Rule 55(c) of the Federal Rules of Civil Procedure provides that a court may set aside an entry of default for "good cause." *See* Fed.R.Civ.P. 55(c). The First Circuit favors resolution of cases on the merits and disfavors default where a defendant can demonstrate good cause, lack of prejudice, and a potentially meritorious defense. A court may consider, among other things, (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; (3) whether a meritorious defense is presented; (4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; and (7) the timing of the motion [to set aside the entry of default]. *See Indigo Am., Inc. v. Big Impressions, LLC*, 597 F.3d 1, 3 (1st Cir. 2010). The standard for setting aside an entry of default for good cause is a

"liberal one," and aims to ensure actions are resolved on the merits.  *See OpenClinica, LLC v. Evidilya, S.R.L.*, 810 F. Supp. 3d 237, 241 (D. Mass. 2025) (citing *Bryan v. Lark Hotels, LLC*, 323 F.R.D. 116, 117 (D. Mass. 2017)).

Mr. Pereira respectfully submits that good cause exists to vacate the default in this case. First, Mr. Pereira's failure to comply with prior deadlines was not willful. Rather, it resulted from excusable neglect arising from significant and unforeseen personal circumstances. On October 21, 2025, the Magistrate Judge entered a scheduling order with which Mr. Pereira intended to comply. However, in late October 2025, Mr. Pereira's wife of 36 years, Laurie Pereira, was diagnosed with lymphoma. She subsequently began an intensive course of chemotherapy consisting of seven treatments, each administered twenty-one days apart. These treatments were physically debilitating. Immediately after the first round of treatment, she was largely unable to care for herself. Each session lasted a full day, and the cumulative effects left her extremely fatigued and dependent on Mr. Pereira for basic daily needs. These demands significantly disrupted Mr. Pereira's ability to attend to legal matters.

The emotional toll of the diagnosis was equally severe. Mr. Pereira reasonably feared for his wife's life. As a result, he experienced substantial difficulty sleeping and concentrating, impairing his ability to respond to the pending litigation. Last week, Mr. Pereira learned that his wife is now cancer-free. He is able to turn his attention back to this matter. Under these circumstances, Mr. Pereira's failure to meet court deadlines was the product of excusable neglect, not disregard for the judicial process.

Defendant has acted promptly to cure any deficiencies. Since the entry of default, Defendant has begun producing outstanding discovery. Going forward, he expects to produce discovery in accordance with the following schedule: Responses to Plaintiff's (Revised) First Set

of Interrogatories submitted by **May 15, 2026**; Responses to Plaintiff's (Revised) First Set of Requests for Production submitted by **May 29, 2026**.

Second, Plaintiff will not suffer prejudice if the default is vacated. The case has not progressed to trial. Vacating the default would permit adjudication on the merits.

In light of the strong preference for resolving cases on the merits, vacating the default here would serve the interests of justice.

## CONCLUSION

WHEREFORE, Defendant Joseph Pereira respectfully requests that this Court vacate the entry of default against him and grant other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Joseph Pereira

Miss Lizzie's Coffee, LLC
Joseph Pereira, pro se
242 Second Street
Fall River, MA 02721
(508) 665-9431
joepereira157@gmail.com

Dated: April 27, 2026

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)</u>

I, Joseph Pereira, hereby certify pursuant to Local Rule 7.1(a)(2) that the Parties have conferred via electronic mail on April 27, 2026 about the issues presented by this Motion and were unable to narrow the issues.

Respectfully submitted,

/s/ Joseph Pereira

Miss Lizzie's Coffee, LLC
Joseph Pereira, pro se
242 Second Street
Fall River, MA 02721
(508) 665-9431
joepereira157@gmail.com

Dated: April 27, 2026

## CERTIFICATE OF SERVICE

I, Joseph Pereira, hereby certify that on April 27, 2026, I filed the above Motion by delivering a paper copy to the Clerk of the Court's office to be uploaded to CM/ECF. Once uploaded to CM/ECF, the document will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to those indicated as non registered participants on April XX, 2026.

Respectfully submitted,

/s/ Joseph Pereira

Miss Lizzie's Coffee, LLC
Joseph Pereira, pro se
242 Second Street
Fall River, MA 02721
(508) 665-9431
joepereira157@gmail.com

Dated: April 27, 2026