**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **US GHOST ADVENTURES, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:23-cv-12116** |
| | ) | |
| **MISS LIZZIE'S COFFEE LLC,** | ) | |
| | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **JOSEPH PEREIRA, individually,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR DEFAULT JUDGMENT**

Plaintiff US Ghost Adventures, LLC ("USGA" or "Plaintiff"), by counsel, respectfully submits this Reply to Defendant Joseph Pereira's ("Pereira" or "Defendant") Opposition to Plaintiff's Motion for Default Judgment.

1. Default Judgment is proper

USGA holds valid registrations on the Principal Register. These registrations are *prima facia* evidence that USGA's marks are entitled to protection. *Bos. Duck Tours, LP v. Super Duck Tours, LLC*, 531 F.3d 1 (1st Cir. 2008). *Bose Corp. v. Ejaz*, 732 F.3d 17 (1st Cir. 2013).

As part of the motion for a Preliminary Injunction filed October 10, 2023 (Documents 11, 12), USGA provided numerous declarations supporting actual customer confusion. In view of the complaint itself, the allegations of which are deemed admitted, and the evidence already on the record, USGA has presented ample evidence of likelihood of consumer confusion. *Id.* at 26.

In its order dated June 22, 2026, the Court references its prior assertion that "plaintiff lacked a likelihood of success on the merits." Document 123. USGA respectfully asks the Court

to contextualize this conclusion is based on (a) the pleadings themselves; (b) the evidence submitted as part of the Preliminary Injunction; and (c) the Court's own observations made during the Preliminary Injunction hearing[1].

The Court's analysis of the relevant factors are now almost three years old. At the time, Miss Lizzie's Coffee had been open for a mere two months. USGA had a limited sample of customers to represent actual confusion. In the intervening time, this confusion has only increased based on Miss Lizzie's Coffee's expansion to both sell Lizzie Borden themed memorabilia, as well as offering Borden-themed tours to their patrons.

Had Defendant abided by his discovery obligations, USGA would have been entitled to discover these facts. Instead, the record is replete with Defendant's obfuscation with USGA's fact-finding efforts.

2. Defendant's Opposition fails

In his July 9, 2026 Motion, Pereira notes that Miss Lizzie's Coffee has recently changed location. Such movement does not cure or reprieve accountability for persistent and on-going customer confusion. Furthermore, Pereira misstates the effects of this move and knowingly omits the distance between the two businesses is a mere 0.4 miles.

During the Preliminary Injunction hearing, the Court inquired about location of the business. A first inquiry from the Court was whether USGA would assert this claim if the coffee shop was located in Cambridge versus Fall River. A second inquiry was on whether USGA would assert this claim if the coffee shop was located in the Fall River train station. As to both inquiries, the answer remains dependent on whether consumer confusion arises. If confusion arises, USGA maintains its obligation to protect its customers.

[1] The Court proposed the café name "40 Whacks Café," which was never entertained by Defendant.

USGA has not encountered a consumer in Cambridge purchasing a coffee, then driving to Fall River, and bringing the coffee into the Lizzie Borden House. By contrast, USGA encounters on a frequent and continuing basis consumers purchasing drink and food items from Miss Lizzie's Coffee in Fall River and then being confused when outside food and drink is not allowed into the Lizzie Borden House.

Pereira further fails to mention the new Miss Lizzie's Coffee location is now approximately 0.4 miles from the Lizzie Borden House. Therefore, confusion remains likely.

3. Discovery Production remains missing and deficient

As part of the July 09, 2026 filing, Pereira claims to have cured the discovery deficiencies. This is incorrect. Pereira has not addressed or produced any discovery responsive to the Request for Production.

Pereira produced revised answers to the Interrogatories on July 9, 2026. These answers continue to be wholly deficient. Interrogatory 2 requests the identification of "all persons whom you believe may have knowledge or information regarding the factual allegations in the complaint…" Defendant answers "I am the only person...." Who runs the "front of house" operations, engaging with customers? Should the answer include Pereira's daughter, Olivia Pereira. What about other employees at the coffee shop?

Interrogatory 10 asks Pereira to "state every instance in which you gave a media interview regarding Miss Lizzie's Coffee and the instant dispute." Pereira has sought to use this litigation to promote his business. Answer to Interrogatory No. 10 concludes with "I find these so-called interviews unimportant and I don't really think about them nor do I seek them out." On March 26, 2024 Pereira sought and conducted an interview with Mr. Tim Weisberg of local radio station 1420 WBSM, New Bedford's News-Talk Station to directly discuss the present lawsuit. It was in this

interview that Pereira described how he chose the location of 242 Second Street, in apparent contradiction to his answer to Interrogatory No. 7.

Unusual Posture of the Case

In its order on June 22, 2026, the Court states "[i]n light of the unusual posture of the case – not least of which is a plaintiff seeking a default judgement of approximately $240,000 and a pro se small business owner, on claims as to which the Court found the plaintiff lacked a likelihood of success on the merits…" USGA concurs on the unusual posture but maintains that Default Judgment, finding of damages, and a permanent injunction are warranted.

This is not a case of a large corporate entity seeking to destroy a small business owner. USGA was founded by Lance Zaal offering guided ghost tours in the city of Williamsburg, VA. Mr. Zaal, as a small business owner himself, has since expanded to include several historical properties including the purchase of the Lizzie Borden House.

From the outset of USGA's operations of the Lizzie Borden House, Mr. Zaal and USGA sought to grow the business community in Fall River, MA. Further visitors to Fall River benefits USGA as well as Fall River and the Massachusetts / Rhode Island region in general.

USGA and Mr. Zaal never wanted to file a lawsuit against a fellow business owner in this small New England community. Attempts at resolution were made both before and during this suit. USGA was forced to initiate this lawsuit not to attack a small business owner or begrudge another individual from making a living. Rather, the impetus of this suit was borne out of numerous customers complaining of bad experiences at the Lizzie Borden House because they had just purchased drinks at Miss Lizzie's Coffee and then had to discard those unfinished drinks upon entering the Lizzie Borden House. This suit was brought to protect USGA's customers from real and actual confusion over the confusingly similar name of Miss Lizzie's Coffee.

The Court is undoubtedly correct to note the unusual nature of a six-figure damages demand in this circumstance. However, USGA notes this demand amount is based on USGA's own calculations of estimated damages as Defendants have continually defied this Court's orders on producing discovery. USGA has no interest in recovering a windfall in this action, nor does USGA desire to put a fellow local business owner out of business. Had Defendants honored their discovery obligations, USGA may not be in a position to request Default Judgment or this request may include a lower damages claim.

Therefore, USGA respectively submits it would be inequitable to reward Defendant's continued violations of this Court's orders and Pereira's continued skirting of his discovery obligations with a denial of USGA's Motion for Default Judgment. USGA respectfully asks the Court to continue to follow the guidance of Rule 55 of the Federal Rules of Civil Procedure in arriving at a ruling in this matter. *See, e.g., CNE Direct, Inc. v. Blackberry Corp.*, 55 F. Supp. 3d 233, 234 (D. Mass. 2014). *See also, e.g. Banco Bilbao Vizcaya Argentaria v. Family Rests., Inc.*, 285 F.3d 111, 114 (1st Cir. 2002). As this Circuit has noted, imposition of a default judgment "**plays a constructive role in maintaining the orderly and efficient administration of justice.**" Remexcel Managerial Consultants, Inc. v. Arlequin, 583 F.3d 45, 51 (1st Cir. 2009) (additional citations omitted) (emphasis supplied); *see also* Sound United, LLC v. SalusAudio.com, No. 21-CV-12029-AK, 2022 WL 14757794, at *5 (D. Mass. Oct. 25, 2022).

DATE: July 16, 2026

Respectfully,

US GHOST ADVENTURES, LLC

By its attorneys,

Mikaela Rice DeCortin
Strang, Scott & Giroux LLP
6 Beacon Street, Suite 815
Boston, MA 02108
857-233-5534
mdecortin@strangscott.com

*/s/ Timothy Bechen*
Timothy Bechen (VSB No. 83639)
Lindsey Sweetgall-Brock (VSB No. 97246)
Woods Rogers, PLC
901 East Byrd Street, Suite 1600
Richmond, Virginia 23219
Telephone: (804) 343-5032
Timothy.Bechen@woodsrogers.com
Lindsey.Brock@woodsrogers.com
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those parties which are non-registered participants.

DATE: July 16, 2026
/s/ Mikaela Rice DeCortin
Mikaela Rice DeCortin